## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| TYRALL McGLOTTEN | : | |
| 251 E. Sheldrake Circle | : | |
| Dover, DE 19904 | : | |
|           Plaintiff | : | |
|    v. | : | |
|  | : | |
| OMNIMAX INTERNATIONAL, INC. | : | |
| 30 Technology Parkway South, Suite 400 | : | |
| Peachtree Corners, GA 30092 | : | |
|  | : | |
|    and | : | |
|  | : | Civil Action No. _____ |
| ERICH DOBERENZ | : | |
| c/o OmniMax International, Inc. | : | |
| 30 Technology Parkway South, Suite 400 | : | |
| Peachtree Corners, GA 30092 | : | |
|           Defendants | : | |

_____

## COMPLAINT

Plaintiff, Tyrall McGlotten, by and through his attorneys, Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.,* and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et. seq.*, and seek relief for discrimination, disparate treatment, hostile work environment, and retaliation related to Plaintiff's employment with Defendant, OmniMax International, Inc., and working under the supervision and control of Defendant, Erich Doberenz.  Plaintiff alleges and avers in support thereof:

## Parties

1.     Plaintiff, Tyrall McGlotten, is an adult African American / black male individual approximately thirty-five years of age who currently resides at the above captioned address and

at all times relevant was a Shipping, Receiving, and Warehouse Manager and employee for OmniMax International, Inc.

2.      Defendant, OmniMax International, Inc., ("OmniMax") is a corporation duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address and at all times relevant was the employer of Plaintiff.

3.      Defendant Erich Doberenz is an adult male Caucasian / white individual who is and/or was employed by Defendant OmniMax and at all times relevant was a Plant Manager and/or supervisor of Plaintiff with the authority to make material decisions over Plaintiff's employment including whether to discipline or terminate.

4.      Defendant OmniMax accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including Defendant Doberenz.

**Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

6.      Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Bucks, Montgomery, Delaware, Philadelphia, and Chester County).

7.      Furthermore, Plaintiff has exhausted his administrative remedies, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and having received a Notice of Right to Sue.

## Summary of Facts

8.     Plaintiff, Tyrall McGlotten, was a Shipping, Receiving, and Warehouse Manager for Defendant OmniMax working out of 805 E. Pennsylvania Boulevard, Feasterville-Trevose, PA 19053 and earning around $65,000.00 annually.

9.     Plaintiff was originally hired as an employee of Defendant OmniMax by Tony Pennington, an African American / black male individual in Georgia.

10.     Plaintiff was paid a stipend to move to Pennsylvania and work at the foregoing location, under the supervision of Warehouse Coordinator, Rick Ruszin (Caucasian / white male) and Plant Manager Defendant Doberenz (Caucasian / white male).

11.     Plaintiff's problems began early at the Pennsylvania location.

12.     Initially, Plaintiff was not trained and when he raised issues about the lack of training he was told that indeed he was not being properly trained.  Nothing was ever done.

13.     Plaintiff was the 1st Shift Manager and responsible for opening the warehouse, however, Defendant did not provide Plaintiff a key FOB to unlock the building for four (4) months.  Instead, Plaintiff would arrive at work early and wait for another manager to arrive to unlock the building.  Plaintiff complained multiple times but would get excuses that it was the faulty key FOB or that Defendant Doberenz would get back to him.

14.     Plaintiff was a supervisor level employee and was responsible for disciplining employees, including a primarily Union workforce, but Plaintiff was often, frequently, if not completely denied authority from his superiors to discipline employees, leaving Plaintiff to appear unreasonable and powerless in front of a difficult workforce.

15.     Plaintiff learned that Union employees were told by managers to not work for Plaintiff and to not listen to Plaintiff.

16.     Plaintiff was not a member of the Union.

17.     Shortly after a visit from a top-ranking African American employee for Defendant OmniMax, Plaintiff noticed the Head Customer Service Manager, Roberta (LNU)(Caucasian / white female) had added a hanging monkey doll to her work area.

18.     The hanging monkey doll made Plaintiff uncomfortable and the timing of its appearance had the intent or effect of making Plaintiff feel discriminated against as an African American / black individual.

19.     Plaintiff talked to Roberta about the monkey and she asked if it bothered him. Roberta was not willing to take down the monkey.

20.     Plaintiff complained to Defendant Doberenz about the monkey, but nothing was done.

21.     Plaintiff then complained to Tony Pennington about the monkey on or about April 9, 2019.  Plaintiff also complained about the lack of training and general mistreatment.

22.     In an email to Mr. Pennington on April 14, 2019 Plaintiff states he has been "treated differently because of my [his] race."  Plaintiff said Mr. Ruszin mistreated minorities.

23.     Plaintiff requested and had an in-person meeting with Defendant Doberenz and Rick Ruzin about these complaints.

24.     After this meeting or after the request for the meeting, on April 24, 2019, the front windshield of Plaintiff's vehicle was vandalized / broken while in Defendant's parking lot sometime between lunch and end of work.

25.     As a follow-up to the foregoing meeting, Plaintiff had an in-person meeting with Mr. Pennington, Defendant Doberenz, and Mr. Ruszin.

26.     Mr. Pennington emailed Plaintiff the following findings regarding Plaintiff's complaints: Plaintiff had been properly trained; there had been no mistreatment of minorities; and, there was nothing that could be done about the monkey.

27.     On or about June 7, 2019 Kim James (African American / black male), a union employee, got in Plaintiff's face and yelled and cursed and threatened Plaintiff.

28.     Plaintiff wanted to discipline Mr. James but Defendant Doberenz did not agree.

29.     When Plaintiff returned to the floor he encountered Mr. James and Plaintiff was nearly drawn into a physical altercation with Mr. James.

30.     Mr. Pennington placed Plaintiff on a 4-day paid leave after Plaintiff informed Mr. Pennington he feared being at work.

31.     A few days later when Plaintiff returned to work, he found a large metal door blocking the entrance to his office.

32.     Days later, written on Plaintiff's office window was a list of "things needed" and the top line read First Shift Supervisor and then scrawled above that was "a honest."

33.     Plaintiff sought to write-up Mr. James on June 24, 2019 for a different matter but Defendant Doberenz again declined the action and suggested to do so next time.

34.     Plaintiff initiated a charge of discrimination on July 15, 2019 with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission regarding race and color discrimination for the foregoing.

35.     It is alleged and believed Defendants became aware of the charge.

36.     On or about July 24, 2019 a union employee made a complaint that Plaintiff was telling employees not to trust another African American / black supervisor (Lorenzo Davis), stating something to the effect "he is not a real nigga, I'm a real nigga."

37.     Plaintiff denies having ever made the statement.

38.     The same employee—who was never identified to Plaintiff—later complained that Plaintiff called the African American / black supervisor a snitch and said to the employee to not trust "the people upstairs."

39.     Plaintiff denies having ever made these statements also.

40.     Defendants, including Defendant Doberenz, however, decided and planned to terminate Plaintiff as a result of the foregoing accusations.

41.     Plaintiff learned of the decision and knowing he was setup with false accusations in furtherance of discrimination and retaliation, Plaintiff pre-emptively resigned on or about July 26, 2019.

42.     Plaintiff alleges and believes the foregoing discipline and termination were pretext and the result of Defendant's discrimination and retaliations against Plaintiff on the basis of race, color, and Plaintiff's protected activities.

43.     Plaintiff was forced to constructively discharge due to his complaints, lack of training, lack of support, and having been racially discriminated against and subject to a hostile work environment as alleged supra.

44.     On information and belief, Plaintiff was replaced with a person outside his protected classes.

## COUNT ONE
### Hostile Work Environment
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
Plaintiff v. Defendant OmniMax.

45.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46.     Defendant OmniMax is an employer under 42 U.S.C. § 2000 *et. seq* as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

47.     Plaintiff is a person and has a protected class in that he is African American / black.

48.     Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, [or] color, ….."

49.     Defendant, by and through Defendant Doberenz (a supervisor), Rick Rustin, Roberta [LNU], Kim James, and others, harassed Plaintiff by denying him training, denying him abilities to complete work duties, subjecting him to a physically threatening and hostile work environment, subjecting him to the discriminatory monkey doll, vandalizing his car, vandalizing his office, blocking his entrance to his office, and other conduct including, but not limited to, accusing Plaintiff of racial epithets after he had initiated an administrative investigation.

50.     The foregoing comments and conduct were discriminatory on the basis of race / color.

51.     At all times, the comments and conduct were unwelcome and hurtful.

52.     The foregoing comments and conduct caused a hostile work environment for Plaintiff as the foregoing impacted Plaintiff's ability to work.

53.     Plaintiff complained of Defendants race discrimination.

54.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

55.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Tyrall McGlotten, hereby demands judgment in his favor and against Defendant, OmniMax International, Inc., for any and all damages deemed necessary and just by the Court.

### COUNT TWO
### Discrimination – Disparate Treatment
### *Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### Plaintiff v. Defendant OmniMax

56.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

57.     Defendant OmniMax discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

a.   Firing Plaintiff;

b.   Suspending Plaintiff;

c.   Disciplining Plaintiff;

d.   Not supporting and allowing Plaintiff to complete work responsibilities including the disciplining of employees, opening the building, and other similar matters;

e.   Not properly training Plaintiff;

f.   Not completely, thoroughly, and impartially investigating Plaintiff's complaints;

g.   Vandalizing Plaintiff's vehicle and office;

h.   Replacing Plaintiff with a person/persons outside his protected class; and,

i.   Other adverse employment actions and treatment denied Plaintiff but permitted to similarly situated individuals outside Plaintiff's protected class.

58.   As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, humiliation, embarrassment, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

59.   Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

60.   Alternatively, as Defendant considered Plaintiff's race and/or color in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Tyrall McGlotten, hereby demands judgment in his favor and against Defendant, OmniMax International, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Retaliation
### *Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### Plaintiff v. Defendant OmniMax

61.   Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

62.   Plaintiff engaged in protected activity when he internally complained to supervisor and Human Resources of race and color discrimination.

63.   Plaintiff engaged in protected activity when he filed a charge of discrimination with administrative agencies regarding race and color discrimination and Defendant knew.

64.     Defendant retaliated against Plaintiff for having made these complaints as alleged *supra*.

65.     Defendant adverse employment actions, animus, and antagonism are/were temporally proximate to Plaintiff's foregoing protected activity such that an inference of retaliation arises.

66.     Alternatively, Defendant engaged in a series of acts of animus and antagonism following Plaintiff's protected activities such that an inference of retaliation arises.

67.     For example, and not inclusive of all, Defendant disciplined, suspended, terminated, vandalized property, and took other retaliatory actions against Plaintiff.

68.     As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

69.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

70.     Alternatively, as Defendant considered retaliation in deciding to suspend and/or termination Plaintiff, Plaintiff is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Tyrall McGlotten, hereby demands judgment in his favor and against Defendant, OmniMax International, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT FOUR
**Discrimination, Disparate Treatment, Hostile Work Environment, and Retaliation**
***Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.***
<u>**Plaintiff v. Defendants OmniMax and Doberenz**</u>

71.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

72.     Defendant OmniMax is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant OmniMax resides in the Commonwealth.

73.     Defendant Doberenz is an employer under the Pennsylvania Human Relations Act because he aided, abetted, coerced, and/or otherwise facilitated the discrimination, retaliation, and other wrongful conduct alleged herein.

74.     Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race) and black (color).

75.     Defendants subjected Plaintiff to a harassing, hostile work environment, disparately treated Plaintiff, retaliated against Plaintiff, and otherwise discriminated against Plaintiff, all on the basis of his race, as alleged *supra*.

76.     As a direct and proximate result of Defendants discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

77.     Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Tyrall McGlotten, hereby demands judgment in his favor and against Defendants, OmniMax International, Inc., and, Erich Doberenz, for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____

CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: September 7, 2021